UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BIRD,<br><br>        Plaintiff,<br><br>    v.<br><br>A. ZUNIGA, et al.,<br><br>        Defendants. | CASE NO. 1:15-cv-00910--MJS (PC)<br><br>**ORDER FOR ASSIGNMENT OF DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS ON OBJECTIONS TO ORDER DENYING REQUEST TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION**<br><br>**(ECF No. 15)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.  PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds against Defendant Musleh on Plaintiff's Eighth Amendment failure to protect claim. Defendant Musleh has not yet appeared in this action.

On July 6, 2015, Plaintiff consented to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment,

pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 6.) On May 13, 2016, after the Court screened Plaintiff's first amended complaint and dismissed several claims and defendants, Plaintiff filed a request to withdraw his consent to Magistrate Judge jurisdiction. (ECF No. 10.) The undersigned denied the motion on the ground that Plaintiff failed to present good cause or extraordinary circumstances to support his request. Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 2003); see also 28 U.S.C. § 636(c)(4). (ECF No. 14.)

Before the Court are Plaintiff's objections to the order denying his request to withdraw his consent to Magistrate Judge jurisdiction. (ECF No. 15.) Plaintiff contends that the undersigned is without authority to rule on his request, and that such requests must instead be resolved by a district judge pursuant to Federal Rule of Civil Procedure 73(b)(3).

The Ninth Circuit has affirmed the authority of a Magistrate Judge to rule on a motion to withdraw consent. E.g., Dixon, 990 F.2d at 478. Nevertheless, as Plaintiff now requests review by a district judge, and as the district judge retains residual authority over this matter for purposes of resolving such a request, Fed. R. Civ. P. 73(b)(3); 12 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 3071.3, at 411 (2d ed.) ("Even when the parties consent to the exercise of case-dispositive jurisdiction by a magistrate judge, however, the district judge retains "residual authority," under the statute and under Rule 73(b)(3), to vacate the reference of the proceedings." (footnote omitted)), the Court will order that a district judge be assigned for purposes of resolving Plaintiff's request. As to the merits of Plaintiff's request, the undersigned issues the following findings and recommendations.

**II.    LEGAL STANDARD**

"A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge." Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 2003). This right can be waived, allowing parties to consent to have any and all further proceedings conducted before a Magistrate Judge. Id. at 479-80. There is no absolute

right to withdraw consent to proceeding before a Magistrate Judge. Id. at 480. Instead, a motion to withdraw consent may be granted only for good cause or a showing of extraordinary circumstances. Id.; see also 28 U.S.C. § 636(c)(4).

## III. DISCUSSION

As stated in the Court's prior order, Plaintiff's request set forth no basis for seeking to withdraw his consent. His objections state only that the undersigned did not construe his pleading liberally when screening the complaint. This disagreement with the Court's screening order does not constitute extraordinary circumstances and is not an adequate ground for seeking to withdraw consent. See Graham v. Runnels, No. CIV S–07–2291 GGH P, 2010 WL 3941428, *2 (E.D. Cal. Oct. 5, 2010) (denying reconsideration of order denying plaintiff's motion to withdraw consent); M & I Marshall & Ilsley Bank v. McGill, No. 10–CV–1436–PHX–ECV, 2011 WL 2464184, at *2 (D. Ariz. Jun. 21, 2011) (denying motion to withdraw consent stating that disagreement with magistrate judge's rulings is not an extraordinary circumstance); see also Sanches v. Carrollton–Farmers Branch Independent School Dist., 647 F.3d 156, 177–72 (5th Cir. 2011) (denying reconsideration of order denying plaintiff's motion to withdraw consent stating that dissatisfaction with a magistrate judges' decision does not constitute extraordinary circumstances). Accordingly, the undersigned will recommend that the request to withdraw consent be denied.

## IV. CONCLUSION

The Clerk of Court is HEREBY ORDERED to assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. Plaintiff's request to withdraw his consent (ECF No. 15) be DENIED; and

2. The matter be referred back to the undersigned for all further proceedings pursuant to 28 U.S.C. § 636(c)(1)

This recommendation will be submitted to the United States District Judge

3

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   June 22, 2016                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

.