UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BIRD,<br><br>    Plaintiff,<br><br>v.<br><br>A. ZUNIGA, et al.,<br><br>    Defendants. | CASE NO. 1:15-cv-00910-DAD-MJS (PC)<br><br>**ORDER GRANTING MOTION FOR RULING (ECF No. 38)**<br><br>**ORDER DENYING REQUEST FOR JUDICIAL NOTICE (ECF No. 30)**<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br>**(1) DENY MOTION TO STRIKE ANSWER (ECF No. 21);**<br>**(2) GRANT IN PART AND DENY IN PART MOTION TO STRIKE DEFENSES (ECF No. 22); AND**<br>**(3) DENY MOTION FOR SANCTIONS (ECF No. 23)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds against Defendant Musleh on Plaintiff's Eighth Amendment failure to protect claim.

On July 25, 2016, Plaintiff filed a motion to strike Defendant's answer (ECF No. 21), a motion to strike Defendant's defenses (ECF No. 22), and a motion for sanctions (ECF No. 23). Defendant filed an opposition. (ECF No. 28.) Plaintiff filed a reply. (ECF No. 30.) Within his reply, Plaintiff submitted a request for judicial notice. The motions are submitted. Local Rule 230(*l*).

On October 28, 2016, Plaintiff filed a motion requesting a ruling on these motions. To the extent the motions are addressed herein, the motion for ruling will be granted.

**I.    Request for Judicial Notice**

In Plaintiff's reply (ECF No. 30) he asks the Court to take judicial notice of circumstances at his institution that made it difficult for him to reply to Defendant's opposition. These facts are not a proper subject of judicial notice. Fed. R. Evid. 201(b) (stating that court may take judicial notice of facts that are not subject to dispute because they are (1) generally known within the court's territorial jurisdiction, or (2) can accurately and readily be determined from sources whose accuracy cannot reasonably be questioned). Plaintiff's request for judicial notice will be denied.

Nonetheless, the Court is cognizant of the difficulties presented by Plaintiff's incarceration and his pro se status. Accordingly, his pleadings will be liberally construed. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**II.    Motion to Strike Answer**

Plaintiff moves to strike Defendant's answer on the ground that it does not comply with Federal Rule of Civil Procedure 8(b)(1)(A) because it states no defenses, and does not comply with Rule 8(b)(2) because it insufficiently responds to the substance of the complaint. He asks that the answer be stricken in its entirety.

Defendant responds that his answer is adequate. He responded to each part of

the complaint and denied the facts stated in Plaintiff's three-page "Supporting Facts" attachment to the complaint. Additionally, Plaintiff has not shown how he was prejudiced by the answer.

Under Federal Rule of Civil Procedure 12(f) a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). Motions to strike are disfavored, "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

Plaintiff's attempt to strike Defendant's answer in its entirety is unavailing.[1] He does not allege that the answer is redundant, immaterial, impertinent, or scandalous. Nor does the Court find the answer to meet such criteria.

Furthermore, Plaintiff's arguments based on Rule 8 are misplaced. Rule 8(b)(1)(A) provides that, "[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it[.]" Here, Defendant's answer contains a list of affirmative defenses. (ECF No. 18.) The sufficiency of these defenses is discussed below. However, Plaintiff's assertion that Defendant wholly failed to state any defenses is incorrect.

Rule 8(b)(2) provides that "[a] denial must fairly respond to the substance of the allegation." However, Rule 8(b)(3) allows a party to present a general denial, and Rule 8(b)(5) allows a party to state that he or she "lacks knowledge or information sufficient to form a belief about the truth of an allegation." The answer complies with these provisions by either (1) admitting certain allegations, (2) issuing a general denial as to all of the factual allegations contained in Part IV of the complaint and the "Supporting Facts" attachment, or (3) stating that Defendant lacks sufficient knowledge or information to admit or deny the allegation.

---

[1] Plaintiff's request to strike individual defenses is discussed below.

Plaintiff has not shown a basis for striking the answer under Rule 12(f), nor has he shown a violation of Rule 8(a) or (b). His motion to strike the answer should be denied.

### III. Motion to Strike Affirmative Defenses

Plaintiff argues that Defendant has not provided sufficient detail to support his affirmative defenses under the "heightened" pleading standards set out in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). According to Plaintiff, Defendant has asserted boilerplate defenses that lack factual support and that do not provide Plaintiff with fair notice.

As stated, the Court has authority to strike insufficient defenses under Federal Rule of Civil Procedure 12(f). The function of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." Whittlestone, Inc. v. Handi—Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

Motions to strike affirmative defenses "are disfavored and infrequently granted." Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). The Court "must view the pleading under attack in the light more favorable to the pleader." Garcia ex rel. Marin v. Clovis Unified School Dist., 2009 U.S. Dist. LEXIS 83352, 2009 WL 2982900, at *23 (E.D. Cal. Sept.14, 2009) (internal citation omitted). Even if a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the strong policy favoring resolution of cases "on the proofs rather than the pleadings." Rennie & Laughlin, Inc. v. Chrysler Corp., 242 F.2d 208, 213 (9th Cir. 1957); Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).

An affirmative defense is insufficient as a matter of pleading if it fails to give plaintiff "fair notice." "The 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)). This is less demanding than the Twombly/Iqbal standard. Dodson v. Munirs Co., No. CIV. S-13-0399 LKK, 2013 U.S.

Dist. LEXIS 85768, 2013 WL 3146818, at *2 (E.D. Cal. June 18, 2013) ("Fair notice generally requires that the defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based."). "Although fair notice is a low bar that does not require great detail, it does require a defendant to provide some factual basis for its affirmative defenses." United States v. Gibson Wine Co., No. 15-1900, 2016 WL 1626988, at *5 (E.D. Cal. Apr. 25, 2016) (internal quotation marks and citations omitted); Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice.") Simply referring to a doctrine or statute is insufficient to afford fair notice. Wild v. Benchmark Pest Control, Inc., 2016 WL 1046925, at *4 (E.D. Cal. Mar. 16, 2016); Stevens v. Corelogic, Inc., 2015 WL 7272222, at *4 (S.D. Cal. Nov. 17, 2015); Beco Dairy Automation Inc. v. Global Tech Systems, Inc., 2015 WL 5732595 (E.D. Cal. Sept. 28, 2015); Kohler v. Staples, 291 F.R.D. 464, 469 (S.D. Cal. 2013). Likewise, "[s]imply identifying an affirmative defense by name does not provide fair notice of the nature of the defense or how it applies in [the] action. . . ." Bd. of Trs. of IBEW Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc., No. 13-01545, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014).

Defendant fails to provide any factual basis for the following affirmative defenses: No. 1 (qualified immunity), No. 5 (failure to mitigate damages), No. 6 (Plaintiff's contribution to damages), No. 7 (Eleventh Amendment immunity), and No. 8 (statute of limitations). These defenses merely state a doctrine or legal theory without any indication as to how the doctrine may apply in this case. Accordingly, these defenses should be stricken.

Additionally, Defense No. 4 (failure to exhaust state tort remedies) is legally insufficient. An affirmative defense is legally insufficient if it clearly lacks merit "under any set of facts the defendant might allege." McArdle v. AT & T Mobility, LLC, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009). As this matter proceeds only on a constitutional

5

claim, Defendant cannot defend on the basis of Plaintiff's failure to exhaust administrative requirements for state tort claims.

Defense No. 7 (Eleventh Amendment immunity) also may be legally insufficient as it appears Defendant is sued only in his personal capacity, and thus Eleventh Amendment immunity would not apply.

Likewise, Defense No. 8 (statute of limitations) may be legally insufficient because the action appears to have been filed well within the statute of limitations.

The remaining defenses are legally sufficient and provided Plaintiff with fair notice of the defense. Defense No. 2 raises claim and issue preclusion "[t]o the extent Plaintiff has previously litigated the issues raised in the FAC." Defense No. 3 alleges that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. Defense No. 9 is merely a reservation of the right to assert additional defenses in light of the conclusory nature of the complaint. Plaintiff argues that Defendant has failed to "prove" the applicability of claim or issue preclusion and of Plaintiff's failure to exhaust. However, Defendant is not required to do so at the pleading stage.

In sum, Defendant's affirmative defenses Nos. 1, 4, 5, 6, 7, and 8 should be stricken. Although Plaintiff suggests that Defendant cannot state facts to support several of the affirmative defenses, Plaintiff does not suggest that he will be prejudiced by any amendment. Accordingly, Defendant should be given leave to amend his answer to allege some factual basis for the stricken defenses, to the extent he is able to do so.

**IV.   Motion for Sanctions**

Plaintiff seeks sanctions against Defendant for filing an insufficient answer containing insufficient defenses.

The Court may impose sanctions against anyone "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The Court does not find a basis for imposing sanctions under this provision. The pleading stage is designed to place parties on notice of the issues and focus the dispute. While

Defendants' filings may contain irrelevant defenses, they were not vexatious and do not warrant the imposition of sanctions.

To the extent Plaintiff's motion for sanctions is brought pursuant to Federal Rule of Civil Procedure 11, it is procedurally defective. Fed. R. Civ. P. 11(c)(2) (providing for 21 day safe harbor between service of motion and filing). In any event, the Court does not find a basis for awarding sanctions under this provision. Rule 11(b) prohibits, among other things, the submission of pleadings for an improper purpose, or those containing legal contentions that are not warranted by existing law or a non-frivolous argument for the extension of the law. The Court finds nothing to indicate that the insufficient defenses were presented for an improper purpose or that they are wholly frivolous.

The motion for sanctions should be denied.

**V. Conclusion, Order, and Recommendation**

Plaintiff's motion for ruling (ECF No. 38) is HEREBY GRANTED, to the extent his motions are addressed herein. His request for judicial notice (ECF No. 30) is HEREBY DENIED.

Additionally, it is HEREBY RECOMMENDED that Plaintiff's motion to strike Defendant's affirmative defenses (ECF No. 22) be GRANTED IN PART AND DENIED IN PART, that Defenses Nos. 1, 4, 5, 6, 7, and 8 be STRICKEN, and that Defendant be given leave to amend his answer.

Finally, it is HEREBY RECOMMENDED that Plaintiff's motion to strike Defendant's answer (ECF No. 21), and motion for sanctions (ECF No. 23) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 29, 2016         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE