1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL BIRD,

               Plaintiff,

     v.

A. ZUNIGA, et al.,

               Defendants.

CASE NO. 1:15-cv-00910-DAD-MJS (PC)

**ORDER DENYING MOTION FOR LEAVE OF COURT TO CONDUCT DEPOSITIONS BY WRITTEN QUESTIONS**

(ECF No. 32)

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds against Defendant Musleh on Plaintiff's Eighth Amendment failure to protect claim.

Before the Court is Plaintiff's August 31, 2016 motion seeking leave to conduct depositions by written questions and requesting that the Court appoint an officer to administer oaths and take testimony. (ECF No. 32.) Defendant filed an opposition. (ECF No. 36.) Plaintiff filed no reply. The matter is submitted. Local Rule 230(*l*).

I.     **Legal Standard**

Depositions by written questions must be taken pursuant to the procedures set forth under Federal Rule of Civil Procedure 31. These procedures require plaintiff to send out a notice of deposition identifying "(a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness,

1    and (d) the date and time for the deposition to occur." Lopez v. Horel, C 06–4772 SI PR,

2    2007 WL 2177460 n.2 (N.D. Cal. July 27, 2007). The parties then would exchange

3    written cross-examination questions for the witness, followed by written re-direct

4    questions, and then written re-cross-examination questions. Id. The questions then

5    would be sent to the deposition officer who would depose the witness with the scripted

6    questions. Id. Under most circumstances, leave of court is unnecessary to conduct a

7    deposition upon written questions. Fed. R. Civ. P. 31(a).

8          To obtain a deposition upon written questions, a prisoner must pay the deposition

9    officer fee, court reporter fee, and the cost of a transcript of the proceedings. Id.

10   Additionally, depositions of non-parties require that they be subpoenaed pursuant to

11   Rule 45, and a prisoner is required to pay related statutory witness fees. "[T]he

12   expenditure of public funds [on behalf of an indigent litigant] is proper only when

13   authorized by Congress." Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir.1989) (quoting

14   United States v. MacCollum, 426 U.S. 317, 321(1976)). The in forma pauperis statute

15   does not authorize the expenditure of public funds for deposition transcripts, court

16   reporter fees, or witness fees. See 28 U.S.C. § 1915; Jackson v. Woodford, 2007 WL

17   2580566, at *1. (S.D. Cal. August 17, 2007) (holding that "[p]laintiff's in forma pauperis

18   status...does not entitle him to waiver of witness fees, mileage or deposition officer

19   fees.")

20   **II.    Discussion**

21         Plaintiff seeks leave to depose Defendant and five witnesses by written questions.

22   Leave of court is not required to conduct such depositions. Fed. R. Civ. P. 31(a)(1)-(2).

23   Accordingly, this request will be denied. If Plaintiff wishes to pursue depositions upon

24   written questions, he must follow the procedures outlined in Rule 31. He is reminded to

25   begin this process well in advance of the discovery cut-off to allow sufficient time to

26   notice the deposition, exchange questions with Defendant, and subpoena the

27   deponents, if necessary. He also is reminded that he may be able to avoid deposing

28   Defendant by propounding interrogatories pursuant to Rule 33.

1    Plaintiff requests that the Court appoint someone to administer oaths and take

2    testimony at the depositions at no cost to Plaintiff. While Rule 28(a)(1)(B) authorizes the

3    Court to appoint a deposition officer, it does not authorize the Court to impose any

4    related expenses on the public. As stated above, the Court is without authority to require

5    depositions to be taken at public expense. Accordingly, this request also will be denied.

6    **III.    Conclusion and Order**

7    Based on the foregoing, Plaintiff's motion requesting leave to take depositions

8    upon written questions and to appoint a deposition officer (ECF No. 32) is HEREBY

9    DENIED.

10

11   IT IS SO ORDERED.

12   Dated:    November 30, 2016            /s/ *Michael J. Seng*

13                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28